IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DERBY CARO-ALARCON, §
Reg. No. 1664-045, §
    Movant, §
     §
     § EP-11-CV-0185-DB
v. § EP-09-CR-3214-DB
     §
     §
UNITED STATES OF AMERICA, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Derby Caro-Alarcon's ("Caro") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 52].[1] Therein, Caro challenges the forty-six-month sentence imposed by the Court after he pleaded guilty to unlawfully reentering the United States. He asserts his trial and appellate counsel provided constitutionally ineffective assistance. After reviewing the pleadings, files, and records in this case, the Court concludes that it plainly appears from the face of these documents that Caro has failed to establish his entitlement to § 2255 relief. The Court will accordingly deny his motion and dismiss his civil cause with prejudice.[2] The Court will additionally deny Caro a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On November 7, 2009, camera control operators observed Caro attempting to scale the border fence near the Paso Del Norte Port of Entry in El Paso, Texas. Border patrol agents

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-09-CR-3214-DB.

[2] *See* U.S.C.S. § 2255 PROC. R. 4(b) (West 2011) (requiring a district court to dismiss a § 2255 motion when it plainly appears from the face of the motion, annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief).

responded and apprehended Caro. When questioned, Caro admitted his Mexican citizenship. An immigration records review disclosed that federal authorities had removed Caro from the United States on April 29, 2008, and that he had several convictions. Moreover, the records revealed he had not obtained the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States. As a result, a grand jury sitting in the Western District of Texas, El Paso Division, returned a one-count indictment charging Caro with unlawfully reentering the United States after his removal, in violation of 8 U.S.C. § 1326. With the indictment, the Government filed notice that it would seek an increased penalty, pursuant to 8 U.S.C. § 1326(b)(2), because Caro had a prior drug trafficking conviction. Caro elected to forego trial and pleaded guilty to the indictment.

After Caro entered his plea, a probation officer prepared a presentence investigation report which calculated Caro's adjusted offense level as twenty-one and placed him in criminal history category III, resulting in an advisory sentencing guidelines range of forty-six to fifty-seven months in prison. The adjusted offense level included a sixteen-level enhancement, pursuant to Sentencing Guideline § 2L1.2,[3] for Caro's prior conviction for a drug trafficking offense. After reviewing the report, Caro's counsel asked the Court to impose a sentence below the guidelines range. He explained that Caro was attempting to rejoin his wife and two United States citizen daughters in Kansas City, Missouri. He noted that the daughters required medical treatment which the family could not afford if it returned to Mexico. He argued that the unlawful reentry guideline overstated the nature of the offense because it was not supported by empirical

---

[3] *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(i)(2007) ("If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months[,] . . . increase [the base offense level] by 16 levels.").

data. Moreover, he suggested that the guideline had disproportionate and devastating consequences for Mexican citizens. He also noted that the Sentencing Commission had reconsidered the guidelines' recency provisions and submitted new guidelines to Congress which were due to take effect on November 1, 2010. He asked the Court to apply the new guidelines which, he claimed, would result in a criminal history category of II, rather than III, for his client. After hearing the arguments of Caro's counsel, the Court explained "[i]f I felt he merited a departure or variance, I would give it to him, but I do not."[4] Accordingly, the Court denied the request and sentenced Caro to a bottom-of-the-guidelines sentence of forty-six months' imprisonment followed by three years' supervised release. Caro appealed to the Fifth Circuit Court of Appeals.

The attorney appointed to represent Caro in his direct appeal moved for leave to withdraw and filed a brief in accordance with *Anders v. California*.[5] Caro identified four issues in his response to the *Anders* brief. First, for the purpose of preserving the issue for possible Supreme Court review, Caro argued the continuing validity of *Almendarez-Torres v. United States*[6] was questionable in light of *Apprendi v. New Jersey*.[7] He acknowledged, however, that binding

---

[4] Sentencing Tr. 12:14-15 [ECF No. 46].

[5] *Anders v. California*, 386 U.S. 738 (1967).

[6] *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (holding that the enhancement of the penalty for illegal reentry due to previous criminal record is a sentencing factor, not element of crime).

[7] *See Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any fact, other than fact of prior conviction, that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt).

Circuit precedent foreclosed this argument.[8] Second, Caro argued the Court should have applied amendment 742 to the sentencing guidelines, which eliminated recency points under Sentencing Guideline § 4A1.1(e). The Fifth Circuit noted, however, that the Court sentenced Caro on June 22, 2010, and amendment 742 did not take effect until November 1, 2010.[9] Further, the Fifth Circuit explained that the Court was required to apply the version of the sentencing guidelines in effect on the date it sentenced Caro.[10] Finally, the Fifth Circuit added that amendment 742 was not made retroactively applicable.[11] Third, Caro argued the Court should have applied amendment 740 to the Guidelines, which authorized a downward departure under Sentencing Guideline § 2L1.2 on the basis of cultural assimilation. The Fifth Circuit explained amendment 740 also took effect on November 1, 2010, and it, too, was not retroactive.[12] Moreover, it noted that Caro's attorney pressed a cultural assimilation argument at the sentencing hearing and the Court did not abuse its discretion by rejecting it.[13] Finally, Caro argued his attorney rendered constitutionally ineffective assistance of counsel by failing to ask the Court to apply amendments 740 and 742. The Fifth Circuit said that since Caro did not raise his ineffective assistance of

---

[8] *See United States v. Pineda–Arrellano*, 492 F .3d 624, 625 (5th Cir.2007) ("This court has patiently entertained the identical argument in countless cases. Now, however, a majority of the Supreme Court has reaffirmed *Almendarez-Torres* in *James v. United States*, 550 U.S. 192 (2007), stating that 'we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes.' *Id.* at 214 n.8 (citing *Almendarez-Torres*). Because the Supreme Court treats *Almendarez-Torres* as binding precedent, Pineda's argument is fully foreclosed from further debate.").

[9] *United States v. Caro-Alarcon*, No. 10-50633, 2011 WL 1207670 at *1 (5th Cir. Mar 31, 2011).

[10] *Id.* (citing 18 U.S.C.A. § 3553(a)(4)(ii) (West 2011)).

[11] *Id.* (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (2010)).

[12] *Id.*

[13] *Id.* (citing *United States v. Lopez–Veleasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam) ("While cultural assimilation may be considered as a mitigating factor, there is no requirement that a sentencing court *must* accord it dispositive weight.") (emphasis in original).

counsel claim before the Court, it would decline to consider it on direct appeal, leaving it instead for resolution in an § 2255 proceeding.[14] Accordingly, the Fifth Circuit granted counsel's motion for leave to withdraw and dismissed Caro's appeal.[15]

Mindful of Caro's *pro se* status, the Court has liberally read his § 2255 motion.[16] The Court understands him to raise three grounds for relief. First, Caro claims his appellate counsel provided ineffective assistance when he did not raise "the *Almendarez-Torres* issue" in his direct appeal.[17] Second, Caro argues his trial counsel provided ineffective assistance when he failed to object to the 16-level enhancement to his base offense level in order to preserve the issue for future review.[18] Third, Caro maintains his trial counsel provided ineffective assistance when he did not ask for a continuance at sentencing due to the pending amendments to the sentencing guidelines.[19]

## LEGAL STANDARD

A.  *28 U.S.C. § 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court

---

[14] *Id.* (citing *Massaro v. United States*, 538 U.S. 500, 504-06 (2003); *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (per curiam)).

[15] *Id.* at *2.

[16] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

[17] Mem. in Supp. 4 [ECF No. 52-1].

[18] *Id.* at 12.

[19] *Id.*

is normally "entitled to presume that the defendant stands fairly and finally convicted."[20] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[21] Typically, before a court will grant relief pursuant to § 2255, the movant must establish "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence was otherwise subject to collateral attack."[22]

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal.[23] When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted.[24] The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal."[25] If the movant does not meet either burden, then he is

---

[20] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[21] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[22] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[23] *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

[24] *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

[25] *Gaudet*, 81 F.3d at 589.

procedurally barred from attacking his conviction or sentence.[26] This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[27]

    B.    *Ineffective Assistance of Counsel*

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions.[28] Moreover, "the right to counsel is the right to the effective assistance of counsel."[29] "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal."[30] To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."[31] A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective.[32]

---

[26] *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

[27] *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

[28] U.S. CONST. amend. VI.

[29] *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

[30] *Gaudet*, 81 F.3d at 589 n.5.

[31] *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review).

[32] *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct.[33] In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[34] In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[35] A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice.[36] The test's prejudice prong requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[37]

With these principles in mind, the Court turns to the merits of Caro's claims.

---

[33] See *Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

[34] *Id.* at 687.

[35] *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

[36] See *id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

[37] *Id.* at 694.

## ANALYSIS

In his motion, Caro first claims his appellate counsel provided ineffective assistance when he failed to raise "the *Almendarez-Torres* issue" in his direct appeal.[38] Caro argues, incorrectly, that "[c]urrent jurisprudence has eroded the validity of *Almendarez-Torres*, and the Movant is entitled to a jury determination on the validity of his prior conviction."[39]

A criminal defendant has a constitutional right to effective assistance of appellate counsel in his first appeal.[40] Where a defendant argues that his counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial.[41] "'[T]he prejudice prong . . . requires a showing that [the appellate court] would have afforded relief on appeal.'"[42] The Fifth Circuit has repeatedly rejected Caro's argument on the basis that *Almendarez-Torres* remains binding precedent until and unless it is officially overruled by the Supreme Court.[43] Thus, he cannot establish that his appellate counsel's omission prejudiced his cause.

Caro also notes his trial "counsel failed to raise objections to the Probation Officer recommendation to increase Movant's [base offense] level by 16 levels in order to preserve the issue for future review (which has already been submitted as the first ground of appeal in this

---

[38] Mem. in Supp. 4.

[39] *Id.* at 6.

[40] *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985).

[41] *Penson v. Ohio*, 488 U.S. 75, 84 (1988).

[42] *United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)).

[43] *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005).

proceeding)."[44] He does not deny the prior conviction. He asserts that his trial counsel provided constitutionally ineffective assistance because he failed to argue that the enhancement unconstitutionally increased his sentence based on a fact–his prior drug trafficking conviction–that was neither alleged in the indictment nor found by a jury or admitted by him.

Caro's claim fails, once again, because he cannot show prejudice. Had Caro's counsel objected to the enhancement on these grounds, the Court would have overruled the objection.[45] Similarly, had Caro's counsel filed a motion to dismiss the indictment, the Court would have denied the motion.[46] As noted above, *Almendarez-Torres* controlled the issue at the time of sentencing and still controls it today.[47] Any argument to the contrary by Caro's counsel would have been meritless, and a failure to raise a meritless argument cannot possibly be prejudicial.[48] For this reason, Caro's ineffective assistance of trial counsel claim also fails.

Caro further maintains his trial counsel provided ineffective assistance when he did not ask for a continuance in anticipation of pending changes to the sentencing guidelines."[49] He

---

[44] Mem. in Supp. 12.

[45] *See Almendarez-Torres*, 523 U.S. at 247 ("[W]e we reject petitioner's constitutional claim that his recidivism must be treated as an element of his offense."); *Apprendi v. New Jersey*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added); *Pineda-Arrellano*, 492 F.3d at 625 ("*Almendarez-Torres* remains binding precedent until and unless it is officially overruled by the Supreme Court.")

[46] *Id.*

[47] *Pineda-Arrellano*, 492 F.3d at 625.

[48] *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

[49] Mem. in Supp. 12.

explains the Probation Officer added one recency point to his criminal history calculation because he was on supervised release at the time of his arrest. He claims amendment 742, which went into effect on November 1, 2010, would have resulted in the elimination of the recency point. He further maintains amendment 740, which also went into effect on November 1, 2010, would have permitted the Court to consider his cultural assimilation and could have resulted in a downward departure.

Caro's claim fails for at least four reasons. First, a trial counsel has no right to unilaterally continue a trial date.[50] Second, it is purely speculative that the Court would have granted a continuance had his counsel sought one, and Caro may not use speculation and conjecture to establish prejudice.[51] Third, Caro's counsel in fact argued that the Court should consider the pending changes in amendment 742 and not apply the recency criminal history points to Caro's guideline calculation.[52] Finally, Caro would not have been eligible for a downward departure under amendment 740 because the presentence investigation report "reflects that Caro did not come to the United States until he was eighteen years old" and he could, therefore, not show that he had "'formed cultural ties primarily with the United States from having resided continuously in the United States from childhood.'"[53] Thus, he cannot establish

---

[50] *United States v. Dunbar*, 611 F.2d 985, 588 (5th Cir. 1980).

[51] *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

[52] Def.'s Sentencing Mem. 8 [ECF No. 34].

[53] *Caro-Alarcon*, 2011 WL 1207670 at *2 (quoting U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.8 (2010)).

that his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."[54]

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[55] The record in this case is adequate to dispose fully and fairly of Caro's allegations. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[56] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[57] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[58]

---

[54] *Strickland*, 466 U.S. at 687 (1984).

[55] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[56] 28 U.S.C.A. § 2253(c)(1)(B) (West 2010).

[57] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[58] *See* 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & 431 n.1 (5th Cir. 1998) (explaining the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

Although Caro has not yet filed a notice of appeal, this Court nonetheless must *sua sponte* address whether he is entitled to a certificate of appealability.[59]

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[60] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[61] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[62] Here, Caro's motion fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court finds it should deny Caro a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes it should deny Caro's motion and dismiss his civil cause. The Court further concludes that Caro is not entitled to a certificate of appealability.

---

[59] *See* U.S.C.S. § 2255 PROC. R. 11(a) (West 2010) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining it is appropriate for a district court to address *sua sponte* the issue of whether it should grant or deny a certificate of appealability, even before one is requested).

[60] 28 U.S.C.A. § 2253(c)(2).

[61] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[62] *Slack*, 529 U.S. at 484.

Accordingly, the Court enters the following orders:

1. Movant Derby Caro-Alarcon's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 52] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

2. Movant Derby Caro-Alarcon is **DENIED a CERTIFICATE OF APPEALABILITY.**

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

SIGNED on this 17th day of May, 2011.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE